UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLY DIXON HIGGIINS,
an individual,

Plaintiff,

Case No.:

vs.

AMERICAN ARMED FORCES
MUTUAL AID ASSOCIATION
dba AAFMAA, a Virginia not-for-profit
corporation,

TERRI R. HIGGINS, an individual,

Defendant,

and

SAVANNAH J. HIGGINS, an
individual,

Nominal Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, KELLY DIXON HIGGINS ("Plaintiff"), for her Complaint for Declaratory Relief in this matter, through counsel, and pursuant to 28 U.S.C. s. 2201 and Rule 57, Fed. R. Civ. P., states and requests as follows:

## OVERVIEW

This is a one-count action for declaratory judgment raised by Plaintiff as the named beneficiary under a payable policy of life insurance with a benefit of $800,000 insuring the life of her recently deceased husband, James D. Higgins

1

(the "Decedent/Insured"), against, as Defendants, (i) the issuing insurer, American Armed Forces Mutual Aid Association of Ft. Myer, VA ("AAFMAA"), (ii) the Decedent/Insured's former spouse, Ms. Terri R. Higgins, and, nominally, (iii) her adult daughter, Ms. Savannah J. Higgins. The Plaintiff's declaratory request is that the Court determine and adjudicate, in resolution of an active controversy, that Plaintiff is the sole beneficiary of the payable AAFMAA life policy insuring the life of her deceased spouse and the person to whom AAFMAA shall pay the death benefit due under the policy.

## PARTIES

**1.** Plaintiff KELLY DIXON HIGGINS is an individual, residing in Jacksonville, FL with her three children, and who is the spouse and widow of her recently deceased husband James D. Higgins (the "Decedent/Insured", as stated above), who prior to the initiation of this action resided with her and her children at their family home in Jacksonville ("Plaintiff").

**2.** Defendant AAFMAA is an insurance carrier, operating and issuing insurance policies as a not-for-profit Virginia corporation, and having its principal place of business at 102 Sheridan Avenue, Ft. Myer, VA 22211 ("AAFMAA," as stated above).

**3.** Defendant Terri R. Higgins is an individual residing in Tennessee ("Ms. Terri Higgins"). She is the former spouse of the Decedent/Insured.

**4.** Defendant Savannah J. Higgins is an individual residing in North Carolina, is the natural daughter of Ms. Terri Higgins and the Decedent/Insured, and is

included in this action as a nominal Defendant since she was recently the subject of an ultra vires attempt by Ms. Terri Higgins to change the ownership of the life insurance policy in question away from Plaintiff.

## JURISDICTION AND VENUE

5.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P.

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201.

7.  The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.  Pursuant to Rule 4, Fed. Rule Civ. P. and Fla. Stat. § 48.193, this Court has personal jurisdiction over AAFMAA because, among other reasons, AAFMAA is a foreign corporation who has engaged in the business of providing and delivering a policy of life insurance to a resident of the State of Florida, the Decedent/Insured.

9.  Pursuant to the same bodies of law, this Court has personal jurisdiction over Ms. Terri Higgins because Ms. Terri Higgins has actively interfered with a contractual relationship between AAFMAA and the Decedent/Insured, and has actively interfered with a contractual expectancy owed by AAFMAA to Plaintiff, the locus of which contract rights are seated in Florida, and has injured the Plaintiff in Florida, at Plaintiff's domicile.

10. Pursuant to the same bodies of law, this Court has personal jurisdiction over Ms. Savannah Higgins, as the nominal defendant, because through her

mother Mr. Terri Higgins she has recently asserted, or been the subject of an assertion, which she has knowledge of, and which assertion has not been retracted or disavowed by her, of some ultra vires claim to the benefit of the AAFMAA life insurance policy, which assertion was conducted by mail and wire across state lines, and which has effected the Plaintiff in Florida, at her domicile.

11. Venue is proper in this district under to 28 U.S.C. § 1391(b)(2) as this action is brought in the district where the substantial property that is the subject of the action, the life insurance policy death benefit expectancy, is located and to be paid, per the terms of the policy and the beneficiary designation by the Decedent/Insured.

## FACTS

### The Policy of Insurance, No. 188726-1

12. The Decedent/Insured James D. Higgins died at Stark, FL on July 19, 2022.

13. At the time of his death, he had an in-force, paid-up policy of level-term life insurance issued by AAFMAA, policy number 188726-1. This policy has a pay-on-death benefit of $800,000, and since April 1 ,2020, this policy has had only one designated beneficiary to whom the benefit is to be paid, per the instructions of the insured person, and that beneficiary is Plaintiff (hereafter "Policy 188726-1").

14. Following the Decedent/Insured's death, by September 14, 2022, Plaintiff had submitted a copy of the death certificate and a claim for the death benefit to AAFMAA.

15. On September 15, 2022, AAFMAA issued a written letter to Plaintiff, which acknowledged receipt of her claim for the death benefit, but also informed her that Ms. Terri Higgins had submitted a competing claim for the same death benefit.

16. Following the issuance of the September 15, 2022 letter, AAFMAA, in additional correspondence to Plaintiff, advised that it has been unable to issue the payable death benefit to her as the sole named beneficiary of Policy 188726-1 because of the competing claim for the same benefit pressed by Ms. Terri Higgins.

**The Competing Claim for the Death Benefit**

17. Ms. Terri Higgins and the Decedent Insured were formerly married, and then divorced. Their divorce petition was filed on May 8, 2018 in Dover, Stewart County, TN. Their "Agreed Order Declaring the Parties Divorced" was entered in the Chancery Court for Stewart County, TN on November 22, 2021.

18. Prior to the initiation of these 2018-2021 divorce proceedings, Ms. Terri Higgins was the sole named beneficiary to Policy 188726-1. Ms. Teri Higgins also had a life insurance policy of her own, prior to the divorce the sole named beneficiary of that policy was the Decedent/Insured, and both her policy and Policy 188726-1 were disclosed in the divorce proceedings.

19. During the divorce proceedings, both the Decedent/Insured and Ms. Terri Higgins each formally changed the beneficiary of their respective life policies,

from each other as spouses, to new beneficiaries. Initially, the new, substituted beneficiary chosen by the Decedent/Insured was his mother.

20. During the same divorce proceedings, the Decedent/Insured and Plaintiff, purchased a house together, on or about March 16, 2020.

21. On April 1, 2020, the Decedent/Insured formally changed the beneficiary designation for Policy 188726-1 from his mother to Plaintiff, so that Plaintiff was the sole beneficiary. The Decedent/Insured did this to financially safeguard Plaintiff's exposure to the expense of the mortgage note on the new house, and also did this in view of his then-declared intent to marry Plaintiff once he was divorced from Ms. Terri Higgins.

22. The Decedent/Insured made no further changes to the beneficiary designation under the Policy, such that from April 1, 2020, Plaintiff has at all times been the sole beneficiary.

23. After the issuance of the November 22, 2021 "Agreed Order Declaring the Parties Divorced" between the Decedent/Insured and Ms. Terri Higgins, the Decedent/Insured married Plaintiff on December 21, 2021.

24. At present, Ms. Terri Higgins has asserted to AAFMAA that her and the Decedent/Insured's mutual re-designation of their respective life insurance policy beneficiaries during their divorce proceedings were not valid, and she has thus asserted a claim to AAFMAA that she is the 'real' beneficiary of Policy 188726-1.

**The Former Ultra Vires Attempt to Change the Beneficiary**

25. On or about April 11, 2018, Ms. Terri Higgins, without the knowledge of the Decedent/Insured, submitted a written application form to AAFMAA, *to which she forged the Decedent/Insured's signature, and to which forged signature she added her own signature as a "witness,"* which form fraudulently portrayed a request that AAFMAA change Policy 188726-1's designated "owner" to Ms. Savannah Higgins, and the policy's designated beneficiary to herself, Terri Higgins.

26. Once this attempt to change the ownership and beneficiary of Policy 188726-1 was detected by the Decedent/Insured, he formally objected to AAFMAA, and AAFMAA investigated the circumstances of the forged form and reversed the changes the form had requested.

27. AAFMAA then wrote a formal letter dated May 3, 2018 to Ms. Savannah Higgins advising her that the requested ownership change to Policy 188726-1 was not valid, was initially processed only due to a clerical mistake, and was thereby rescinded.

28. It is unknown at present whether Ms. Savannah Higgins currently harbors any claim upon or against Policy 188726-1 arising from or relating to either the submitted forged form created by Ms. Terri Higgins or the May 3, 2018 letter from AAFMAA announcing the invalidity of the same.

**The Current Controversy and the Positions of the Parties**

29.     With the July of 2022 death of the Decedent/Insured, the death benefit of Policy 188726-1 has accrued and is payable.

30.     AAFMAA as insurer/payor has acknowledged the receipt of the claim upon the death benefit by Plaintiff as the sole named policy beneficiary.

31.     AAFMAA has raised no objection or hindrance against the payment of the death benefit of Policy 188726-1 to Plaintiff other than the competing claim to the death benefit asserted by Ms. Terri Higgins.

32.     In other words, there are no conditions precedent to the payment of the death benefit of Policy 188726-1 to Plaintiff other than what AAFMAA has identified as the condition of uncertainty marked by receiving two competing claims to the same benefit, which condition was created by the claim of Ms. Terri Higgins.

33.     The claim asserted by Ms. Terri Higgins is the crux of a current controversy in need of resolution between Plaintiff, AAFMAA, Ms. Terri Higgins, and in an abundance of caution due to her involvement in the prior ultra vires attempt by Ms. Terri Higgins to change the beneficiary of Policy 188726-1, Ms. Savannah Higgins as a nominal defendant who may harbor or assert an interest.

34.     AAFMAA has asserted that until AAFMAA is free from the present controversy, AAFMAA is unable to complete the processing of the death benefit claim and the issuance of the payment of the death benefit to Plaintiff as the sole named beneficiary.

## COUNT I – DECLARATORY JUDGMENT

35. Plaintiff incorporates each of the allegations of paragraphs 1 through 34 above, as if fully set forth herein.

36. There is at present a bona fide, actual, justiciable and practical need for a declaration of the (a) validity of the policy claim by Plaintiff and of (b) the invalidity of the policy claim by Ms. Terri Higgins, along with a corollary declaration that the death benefit proceeds of Policy 188726-1 are due, owing, and payable to Plaintiff as of the accrual date of her submitted claim to AAFMAA.

37. The claim submitted by Ms. Terri Higgins has placed the other parties in doubt over when AAFMAA may issue the policy death benefit to the named beneficiary of Policy 188726-1, and with what explanation or directive of findings to Ms. Terri Higgins as a rival claimant.

38. The declaration Plaintiff seeks concerns a present and ascertainable set of facts or controversy as to a state of facts.

39. Plaintiff's right to receive payment of the death benefit as the sole named beneficiary of Policy 188726-1 depends on the facts in controversy or the law as applied to these facts.

40. Plaintiff and Defendants among themselves have an actual, present, adverse interest, in both law and in fact, in the adjudication of the controversy.

41. The antagonistic and adverse interests are all before the Court by proper process.

**42.** Plaintiff does not seek mere legal advice in raising this request for declaratory relief.

**43.** Plaintiff seeks supplemental relief in the form of a money judgment against Ms. Terri Higgins for all losses and damages Plaintiff has incurred, which are continuing, by occasion of the interference created by Ms. Terri Higgins with the timely and orderly payment of the death benefit of Policy 188726-1 to Plaintiff.

**44.** Plaintiff has retained the undersigned attorney and is obligated to pay the undersigned attorney a reasonable fee for legal services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KELLY DIXON HIGGINS respectfully requests that the Court to enter judgment in her favor declaring the following and awarding the following or reserving jurisdiction to award the following in proceedings supplemental:

A. Declare that as of September 14, 2022, and at all material times prior and since, Policy 188726-1 was and is payable by AAFMAA as insurer upon the receipt of a timely policy claim by the policy beneficiary, who is Plaintiff.

B. Declare that at all times material to the death of the Decedent/Insured, the sole named policy beneficiary of Policy 188726-1 was and is Plaintiff.

C. Declare that Plaintiff timely submitted, and that AAFMAA as insurer timely acknowledged, the submission of Plaintiff's death benefit claim upon Policy 188726-1 .

D.      Declare that Ms. Terri Higgins is not the named policy beneficiary, and has no legal or equitable right or interest that supported her competing claim for the death benefit of Policy 188726-1.

E.      Declare that Ms. Savannah Higgins is not the named policy beneficiary, and has no legal or equitable right or interest that would allow her to assert a claim for the death benefit of Policy 188726-1.

F.      Declare that no other thir-party or non-party has a claim or the potential for a claim to any share of the payable death benefit of Policy 188726-1, since Plaintiff receives 100% of the same as the sole named beneficiary.

G.      Declare that AAFMAA as insurer is directed to pay to Plaintiff 100% of the death benefit of Policy 188726-1 in the amount of $800,000, within thirty (30) days of the date of this Court's final judgment of declaration.

H.      In proceedings supplemental, upon application by Plaintiff, award to Plaintiff a money judgment for damages against Ms. Terri Higgins, as to all amounts of pre-judgment interest occasioned by the loss of the accrued and payable death benefit sum at such per diem interest rate as the Court may find applies at law, including but not limited to the Florida statutory rate for pre-judgment interest awards; and

I.      In proceedings supplemental, upon submission of proofs by Plaintiff, award to Plaintiff and against Defendant Ms. Terri Higgins, an award of Plaintiff's reasonable attorney's fees, as they may be made awardable by the law of Florida as the forum state; and

J.     Award Plaintiff her costs and expenses of suit; and

K.     Award any and all such other relief as the Court determines to be just and proper, including further relief pursuant to 28 U.S.C. § 2202.

Respectfully submitted,

**CAVENDISH PARTNERS, P.A.**

By:/s/*Michael Cavendish*
    Michael Cavendish
    Florida Bar Number 0143774

200 West Forsyth Street
Suite 1300
Jacksonville, Florida 32202
(904) 515-5110 (telephone)
(904) 515-5101 (facsimile)
Primary:mcavendish@cavpartners.com
Secondary: service@cavpartners.com

*Attorney and Trial Counsel for Plaintiff Kelly Dixon Higgins*